UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE NORMAN,

    Plaintiff,

v.                                                Case No. 8:25-cv-1973-TPB-TGW

SPECIALIZED TOWING,

    Defendant.
_____/

**ORDER DISMISSING AMENDED COMPLAINT**

    This matter is before the Court *sua sponte*. Plaintiff Stephanie Norman, who is proceeding in this matter *pro se*, filed a complaint on July 28, 2025. (Doc. 1). The Court dismissed that complaint for lack of subject matter jurisdiction but, in an abundance of caution, gave Plaintiff the opportunity to file an amended complaint. On August 19, 2025, Plaintiff filed her "Emergency Amended Complaint." (Doc. 6). Upon review of the complaint, amended complaint, the court file, and record, the Court finds as follows:

    This case arises from a towing dispute. Plaintiff claims that Defendant illegally or wrongfully towed her car, trespassed on private property, and breached the peace. Plaintiff specifically alleges that Defendant violated her Fourth Amendment rights "due to illegal towing, trespassing and breach of peace on [two] separate occasions around 26 March 2025 and 15 April 2025." She asserts federal question as the basis for jurisdiction, and she claims unspecified damages exceeding $100,000.[1]

---

[1] The initial complaint requested $5 million dollars in damages.

Federal courts, as courts of limited jurisdiction, have an obligation to inquire into their subject matter jurisdiction. *See, e.g., Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Federal subject matter jurisdiction can be established through federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Considering federal question jurisdiction under 28 U.S.C § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Plaintiff alleges that Defendant violated her Fourth Amendment rights by illegally and wrongfully towing her car. As the Court previously explained, to the extent that Plaintiff may wish to allege that her constitutional rights were violated in some way by Defendant, such a claim would likely fail to establish federal question jurisdiction. "With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991). Indeed, "[o]ne great object of the Constitution is to permit

citizens to structure their private relations as they choose subject only to the constraints of statutory or decisional law." *Id*.

In the amended complaint, Plaintiff again fails to sufficiently allege a basis for federal jurisdiction. Defendant is a private entity, and there are absolutely no allegations of state action. Consequently, the amended complaint must be dismissed for lack of subject matter jurisdiction.

Because the Court has already given Plaintiff the opportunity to amend and she has again failed to adequately allege jurisdiction, the Court will not grant another opportunity to file an amended complaint in this case.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The amended complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of August, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE